RECEIVED

JUL 2 7 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

CHELSEA BROWN

VERSUS

WAL-MART LOUISIANA LLC

CIVIL ACTION NO. 10-1402

JUDGE DOHERTY

MAGISTRATE JUDGE HILL

## MEMORANDUM RULING

Pending before the Court is the "Motion to Dismiss and/or Motion for Summary Judgment and/or Motion in Limine Dismissing Plaintiff's Claims Under La. C.C. Arts. 2317.1 and 2322" [Doc. 59) filed by defendant Wal-Mart Louisiana, LLC. ("Wal-Mart"). In its motion, Wal-Mart argues "there is no genuine issue of material fact," that Wal-Mart is entitled to "a judgment as a matter of law, dismissing any and all claims of plaintiff under La. C.C. Arts. 2317.1 and 2322," and that the Court should "not allow any evidence which would tend to directly or indirectly assert claims under La. C.C. 2317.1 and 2322." Plaintiff Chelsea Brown opposes the motion [Doc. 61], and Wal-Mart filed a filed a Motion for Leave to File Reply Memorandum [Doc. 62], which is GRANTED herein.

For the following reasons, Wal-Mart's motion is GRANTED IN PART and DENIED IN PART.

## I.    Factual and Procedural Background

The instant lawsuit arises out of a slip and fall in the northside Lafayette Wal-Mart on July 18, 2009. The parties do not dispute that the plaintiff was a customer of the Wal-Mart store located at 1229 N.E. Evangeline Thruway, Lafayette, Louisiana on July 18, 2009, and that the plaintiff slipped and fell in a puddle of rainwater which had dripped from a leak in the ceiling. It is unclear

to this Court whether the parties dispute where, geographically, in the store, the plaintiff slipped. Plaintiff argues she slipped in the "main aisle," which was located in the front of the store, while Wal-Mart argues plaintiff slipped in the aisle in front of the store's liquor department. It is unclear to this Court whether – despite referring to the aisle in different ways – the parties agree on the location of the aisle in which the plaintiff slipped.

The parties dispute, in part, the hazardous condition that caused the plaintiff's fall. Wal-Mart argues the plaintiff has alleged only <u>one</u> hazardous condition that caused her fall and resulted in injuries, namely, the puddle of water that had accumulated on the floor of the aisle in which she slipped. Based on the foregoing allegation in plaintiff's original complaint, Wal-Mart argues the controlling law in this matter is Louisiana's merchant liability statute, La. Rev. Stat. §9:2800.6. In the instant motion, Wal-Mart argues this Court should dismiss all other claims alleged under Articles 2317.1[1] and 2322[2] of the Louisiana Civil Code and should exclude all evidence the plaintiff might proffer to prove such claims.

---

[1] Article 2317.1 states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

[2] Article 2322 states:

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Since the filing of the instant motion, plaintiff has been allowed to amend her complaint, as the magistrate judge noted in his ruling allowing the amendment, "to make it absolutely clear that [plaintiff] alleges a cause of action based on La. C.C. arts. 2317.1 and 2322, even though counsel quite correctly acknowledges he has always argued his client possesses a cause of action under these codal articles. Thus, based on both her original and amended complaints, plaintiff alleges she has alleged <u>two</u> separate and distinct causes of action based on two separate and distinct acts of negligence by Wal-Mart, specifically: (1) a claim under 2317.1 and 2322 against Wal-Mart as the <u>building owner/custodian</u> for failure to repair the roof leak, of which Wal-Mart had knowledge, and which was a proximate cause of the hazardous condition which caused plaintiff's injuries; and (2) a claim under La. Rev. Stat. §9:2800.6 against Wal-Mart as a <u>merchant</u> for failure to exercise reasonable care in keeping the premises free from conditions presenting an unreasonable risk of harm to the plaintiff and a failure to warn the plaintiff of a hazardous condition which resulted in her injuries.

## II.     Law and Argument

### A.     Motion to Dismiss Standard

Until the recent Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir.2001). However, pursuant to *Twombly*, a motion to dismiss or for a judgment on the pleadings should now not be granted if a complaint provides "enough facts to state a claim to relief

that is plausible on its face." *Doe v. MySPace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008), *quoting*

*Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129

S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009). Moreover, the complaint must allege "more than

labels and conclusions," "a formulaic recitation of the elements of a cause of action will not do," and

"factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*,

550 U.S. at 555, 127 S.Ct. at 1965.

**B.      Summary Judgment Standard**

        "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory

judgment is sought may, at any time, move with or without supporting affidavits for a summary

judgment in the party's favor as to all or any part thereof." FED. R. CIV. PROC. 56(b).  Summary

judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PROC. 56(c).

> When a motion for summary judgment is made and supported as provided in this
> rule, an adverse party may not rest upon the mere allegations or denials of the adverse
> party's pleading, but the adverse party's response by affidavits or as otherwise
> provided in this rule, must set forth specific facts showing that there is a genuine
> issue for trial.  If the adverse party does not so respond, summary judgment, if
> appropriate, shall be entered against the adverse party.

FED. R. CIV. PROC. 56(e).

        As summarized by the Fifth Circuit in *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618

(5th Cir. 1994):

> When seeking summary judgment, the movant bears the initial responsibility
> of demonstrating the absence of an issue of material fact with respect to those issues
> on which the movant bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477
> U.S. 317 (1986). However, where the non-movant bears the burden of proof at trial,
> the movant may merely point to an absence of evidence, thus shifting to the

-4-

non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Id. at 322; *see also, Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir.1993); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir.1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The Supreme Court has instructed:

> The plain language of Rule 56(c) <u>mandates</u> the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Where no such showing is made, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."
>
> . . . .
>
> . . . In ruling upon a Rule 56 motion, "a District Court must resolve any factual issues of controversy in favor of the non-moving party" only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied. That is a world apart from "assuming" that general averments embrace the "specific facts" needed to sustain the complaint. As set forth above, Rule 56(e) provides that judgment "shall be entered" against the nonmoving party unless affidavits or other evidence "set forth specific facts showing that there is a genuine issue for trial." The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. Rather, the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 884, 888-89 (1990)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The Fifth Circuit has further elaborated:

> [The parties'] burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both

parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)(citations and internal quotations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." Id. To the contrary, "in reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

C.    **Jurisdiction**

As jurisdiction in this matter is premised upon 28 U.S.C. § 1332 (diversity of citizenship), Louisiana law governs the substantive issues of law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). As such, the Court is duty bound to apply Louisiana law. The Fifth Circuit's guidance to District Courts in this endeavor is as follows:

To determine state law, federal courts sitting in diversity look to the final decisions of the state's highest court. In the absence of a final decision by the state's highest court on the issue at hand, it is the duty of the federal court to determine, in its best judgment, how the highest court of the state would resolve the issue if presented with the same case. . . .

[The court must] employ the appropriate Louisiana civilian methodology to decide the issues presented the way that [the court] believe[s] the Supreme Court of Louisiana would decide them. Under Louisiana's Civil Code, the only authoritative sources of law are legislation and custom. Thus, in Louisiana, courts must look first and foremost to the state's primary sources of law: the state's constitution, codes, and statutes. As we have previously recognized, the primary basis of law for a

-6-

civilian is legislation, and not (as in the common law) a great body of tradition in the form of prior decisions of the courts. Indeed, *stare decisis* is foreign to the Civil Law, including Louisiana. Jurisprudence, even when so cohesive and entrenched as to rise to the level of *jurisprudence constante* is merely a secondary law source. Therefore, while it is true that we will not disregard Louisiana appellate court decisions unless we are convinced by other persuasive data that the highest court of the state would decide otherwise, particularly if numerous decisions are in accord on a given issue - the so-called *jurisprudence constante* - we are not strictly bound by them.

*American International Speciality Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003) (internal citations and quotations omitted).

    **D.**    **Analysis**

        **1.**    **What law applies?**

The only relief sought by Wal-Mart in its *motion* is the dismissal of plaintiff's claims under Articles 2317.1 and 2322, assumably pursuant to Fed. R. Civ. P. 12(b)(6), as well as the exclusion of all evidence related to these claims. However, Wal-Mart entitled its motion "Motion to Dismiss and/or Motion for Summary Judgment and/or Motion in Limine Dismissing Plaintiff's Claims Under La. C.C. Arts. 2317.1 and 2322," and often conflates its arguments and blends it arguments and evidence. Nonetheless, the Court will begin its analysis pursuant to the standards of Rule 12(b)(6) and the jurisprudence interpreting same. Under this question, the primary consideration for this Court is whether the Louisiana merchant liability statute solely governs the plaintiff's claims in this case or whether the merchant liability statute, as well as Articles 2317.1 and 2322, govern. Notwithstanding the language of the statute, the Louisiana jurisprudence suggests the law is well-settled on this point.

La. Rev. Stat. 9:2800.6 states:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This

duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

> (2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

La. Rev. Stat. §9:2800.6 (West 2009).

In *Smith v. Toys "R" Us, Inc.*, the Louisiana Supreme Court clarified that the heightened burden within Section 9:2800.6 applies only in cases in which a customer "falls," distinguishing "slip and fall" cases from "falling merchandise" cases. 754 So.2d 209, 212 n.2 (La. 1999), *cited in*

*Davis v. Wal-Mart Stores, Inc.*, 774 So.2d 84, 90 (La. 2000).  Wal-Mart cites numerous cases wherein the courts concluded Section 9:2800.6 governs the plaintiff's claims in slip and fall cases involving a puddle of water on the floor of a retail establishment.  In one of the cases cited by Wal-Mart, the Louisiana Third Circuit Court of Appeal reversed the trial court, which applied Article 2317.1 to the plaintiff's claims, calling the application of Article 2317.1 "legal error," as follows:

> The rules of statutory construction are well settled: "Pursuant to general rules of statutory construction, 'where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.'"  ***Since La.R.S. 9:2800.6 deals specifically with "a negligence claim brought against a merchant ... for damages as a result of an injury ... sustained because of a fall due to a condition existing in or on [the defendant] merchant's premises" it must be applied and the application of any other law was a reversible error of law.***

*Roberts v. Hartford Ins. Co.*, 926 So.2d 121, 123 (La. App. 3rd Cir. 2006) (internal citations omitted) (emphasis added).  *See also Lewis v. Dollar Tree Stores, Inc.*, 2006 WL 2331044 (August 9, 2006 E.D. La.) (J. Zainey) (in slip and fall involving puddle of water on floor of retail store, where defendant store argued the "condition" that caused plaintiff's injury was the leaking roof as opposed to the puddle of water on the floor, court held the "condition" in the case was the accumulation of water on the floor prior to the plaintiff's fall, and Section 9:2800.6 was therefore applicable); *Gray v. Wal-Mart, LLC*, 2011 WL 4551460 (Sept. 29, 2011 W.D. La.) (J. Drell) (faced with argument from plaintiff that Article 2317.1 governed in case involving plaintiff's slip and fall in a puddle of water possibly caused by a leaking roof in a Wal-Mart store, court rejected plaintiff's argument and held Section 9:2800.6 governed plaintiff's claims).

      The plaintiff does not cite to any cases in which courts interpreting Louisiana law apply Articles 2317 and/or 2322 to facts involving a slip and fall in a merchant's premises due to a puddle of water caused by a leaking roof or otherwise.  Rather, the plaintiff simply seeks to factually

distinguish the cases cited by Wal-Mart, albeit in futile ways as plaintiff's argument is belied by the

jurisprudence.  In the cases cited by Wal-Mart, the courts addressed the issue of application of

Article 2317.1 and Section 9:2800.6 to facts involving puddles of water -- including puddles created

by leaking roofs -- and the courts in all of those cases held Section 9:2800.6 governs the court's

analysis. Thus, the jurisprudence is clear: Once a patron falls on the merchant's premises due to a

condition existing in or on the premises, Section 9:2800.6 applies and the Louisiana courts have

determined it is "error" to, also, apply Articles 2317 and 2322.  *See, e.g., Gruver v. Kroger Co.*, 54

So.3d 1249, 1252 (La. App. 3rd Cir. 2011) (in case involving patron who slipped while standing

beside store's motorized scooter, with one foot on scooter and one foot on floor, and in which patron

argued application of Articles 2317.1 and 2322, court held Section 9:2800.6 applied because the case

involved plaintiff's <u>fall</u> on the premises).

      In her opposition to the instant motion, plaintiff states:

> In support of [its] position, the [d]efendant cites only the Plaintiff's Original Petition for Damages filed in the State Court, stating that <u>the Plaintiff conceded in her Petition that the alleged hazard was the pool of water on the floor.  The Plaintiff does not dispute this fact.</u>[3]

      The plaintiff, however, goes on to argue that in her amended complaint, she added an

argument that Wal-Mart store management had actual knowledge of the fact that the roof had been

leaking for some time prior to the plaintiff's injury.  The plaintiff's attempts to create a cause of

action under Articles 2317.1 and 2322 by attempting to argue two separate theories of liability to the

existing facts are not persuasive in light of the well-established Louisiana jurisprudence holding that,

regardless of how the puddle is formed, *once a patron falls on a merchant's premises*, the governing

law is Section 9:2800.6, not Articles 2317.1 and 2322 and to also apply Articles 2317.1 and 2322

---

[3] *See* plaintiff's opposition brief, Doc. 61, at p. 7 (emphasis added).

is error.

Considering the foregoing, Wal-Mart's motion to dismiss on this point is GRANTED, and plaintiff's claims and/or causes of action alleged under Articles 2317.1 and 2322 of the Louisiana Civil Code are DENIED AND DISMISSED WITH PREJUDICE.

### 2. Motion in limine to exclude evidence "which would tend to directly or indirectly assert claims under La. C.C. Arts. 2317.1 and 2322"

Wal-Mart includes a section within its motion entitled "Plaintiff's Evidence Regarding Roof Leaks." In this section, Wal-Mart argues that plaintiff's anticipated evidence regarding roof leaks is not relevant to the plaintiff's claims, because the only evidence of roof leaks will show the leaks in question were in other areas of the store and were addressed, corrected, and repaired prior to the plaintiff's slip and fall. Therefore, Wal-Mart seeks to exclude testimony at trial "regarding other roof leaks on other occasions in other areas of the store as well as roof invoices pertaining to any leaks in other areas of the store." Wal-Mart does not cite to any standard by which this Court should analyze the evidentiary question before it, nor can this Court, or Wal-Mart for that matter, know or assure the Court that the actual trial testimony will be as Wal-Mart asserts once subject to full cross examination and possible testimony from plaintiff's witnesses.

Plaintiff does not, however, present contradictory evidence or argument. Rather, plaintiff responds that "the source of the water on the floor is relevant evidence that cannot be excluded from the trial," *however*, without explaining *to what* the evidence might be relevant, plaintiff's argument is hollow rhetoric at best. Plaintiff elsewhere argues "[r]oof leaks subsequent to Plaintiff's accident bear on the issue of whether the roof was subject to ruin, vice, or defect a the time of Plaintiff's accident," and plaintiff goes on to argue:

-11-

the subsequent remedial measures in the case at hand could not be used to show
negligence on the part of the Defendants.  However, as stated earlier, the court must
liberally interpret discovery statutes so that the objective of discovery are met.  One
such objective is to assist litigants, such as Ms. Brown, in preparing their cases for
trial.  Article 407 [of the Louisiana Code of Evidence] specifically provides that
subsequent remedial measures can be used to show knowledge.  Giving Article 407
the interpretation most favorable to allow liberal discovery, knowledge as used in the
article must be interpreted to mean know or should have known as contemplated by
La. Civ. Code Art. 2317.1 and 2322.

As this Court has now dismissed plaintiff's claims made pursuant to La. Civ. Code Arts. 2317.1 and

2322, plaintiff's argument is misplaced.

The Court, therefore, takes issue with much of the argument as set forth by the plaintiff in

the foregoing paragraph.  First, again, this Court has now dismissed any and all claims alleged

pursuant to La. C.C. Arts. 2317.1 and 2322.  Therefore, to the extent plaintiff argues evidence

concerning prior roof leaks might be relevant to factors that must be proven under *those* statutes –

*i.e.*, ruin, vice, or defect – this Court concludes the anticipated testimony regarding roof leaks would

not be relevant to those claims, as those claims have been dismissed.  Plaintiff's claims, <u>all claims</u>

<u>alleged under Articles 2317.1 and 2322, have been dismissed</u>.  Thus, evidence argued as relevant to

those clams is not relevant to the legal inquiry.  Furthermore, plaintiff also argues application of the

Louisiana Code of Evidence.  As this is a federal court, sitting albeit by way of diversity, the

Louisiana Code of Evidence, on its face, would not apply nor be persuasive.  Furthermore, neither

party has properly framed the evidentiary question before the Court nor provided this Court with the

standard under which it should analyze this evidentiary issue as to the *applicable* law.  Furthermore,

notwithstanding plaintiff's argument to the contrary, what might be relevant *as to discovery* leading

up to trial is *not* the standard for determining *relevancy and admissibility* at trial.  For these reasons,

this Court finds plaintiff's arguments wholly and completely unpersuasive.

Notwithstanding the foregoing, however, to the extent the plaintiff might attempt to put on evidence of prior roof leaks *to prove a required element* under the **Louisiana merchant liability statute** – *i.e.*, addressing the issues of whether Wal-Mart had actual or constructive notice of the condition, *i.e.*, the puddle, which caused the damage, prior to the occurrence – such evidence **may or may not** be relevant to the plaintiff's claims **under that statute**. However, without having heard any evidence or testimony, this Court cannot make this determination in a vacuum.  It should be noted, however, Wal-Mart's argument as to subsequent leaks, on it face, is quite persuasive.

Considering the foregoing, the evidentiary questions raised herein are DEFERRED to trial, however, plaintiff is cautioned that *she* has the burden to show *to what legal factor or element as to the Louisiana merchant liability statute* her preferred evidence is relevant; if the evidence is not relevant to an element of proof *under the Louisiana merchant liability statute*, which this Court has concluded is the governing law in this case, such evidence in all likelihood, will not be admitted at trial.

### 3.   "Open and obvious condition"

**Possible Motion for Summary Judgment**

In the text of its motion that perplexes the Court, Wal-Mart argues regardless of whether the governing law is Articles 2317.1 and 2322 or Section 9:2800.6, "the 'open and obvious' doctrine will have the same impact on plaintiff's recovery." Wal-Mart essentially argues within its 12(b)(6) motion, a *factual* argument bearing on a legal argument, which is inappropriate for a 12(b)(6) motion and better suited to a motion for summary judgment. Thus, this Court will address its analysis to that more appropriate procedural vehicle. Wal-Mart argues, that because the puddle in which plaintiff slipped was "open and obvious," the puddle did not pose an unreasonable risk of harm under Section

9:2800.6 and thus, those claims should fail. It appears that by making this argument, Wal-Mart is

seeking summary dismissal – hence, the inclusion of the summary judgment standard in its motion

– of the plaintiff's substantive claims under Section 9:2800.6, despite the fact that Wal-Mart does

not specifically move for summary judgment on this claim in its motion.[4]

Ignoring the lack of a specific *motion* to grant summary dismissal of the plaintiff's claim

under Section 9:2800.6, this Court concludes such relief, even if properly pled, would not be

appropriate at this juncture. Indeed, in *Butler v. Wal-Mart Stores, Inc.*, 2009 WL 1507580, the court

noted the degree to which a condition is "open and obvious" is merely a factor to be considered by

the Court in determining whether the specific condition at issue creates an unreasonable risk of harm,

to wit:

> Wal–Mart makes much of the fact that the pallet was in plain view of Ms. Butler, and
> that Ms. Butler saw the pallet before falling over it. "It is accurate to state that
> defendants generally have no duty to protect against an open and obvious hazard."
> But "[t]he degree to which a danger may be observed by a potential victim is [only]
> one factor in the determination of whether a condition is unreasonably dangerous."
> A peril's obviousness is relevant to the likelihood and magnitude of harm of a given
> risk. Whether a condition is unreasonably dangerous also turns on the utility of the
> complained-of condition, the cost of preventing the harm, and the nature of the
> plaintiff's activities in terms of social utility or whether it is dangerous by nature.
> ***This balancing is "peculiarly ... for the jury or trier of facts."***

2009 WL 1507580 (May 26, 2009 E.D. La.) (J. Vance) (emphasis added), *citing Hutchinson v.*

*Knights of Columbus, Council No. 5747*, 866 So.2d 228, 234 (La. 2004) and *Reed v. Wal–Mart*

*Fores, Inc.*, 708 So.2d 362, 364 (La. 1998). Thus, the argument made by Wal-Mart, it would seem,

is better geared to a possible jury instruction than a 12(b)(6) motion to dismiss or motion for

---

[4] As this Court has previously noted, the only relief sought in Wal-Mart's motion is the dismissal of
plaintiff's claims alleged under La. C.C. Arts. 2317.1 and 2322, as well as all evidence supporting such claims,
however, its title of the motion filed refers, albeit in a wholly ambiguous fashion, to a possible motion for summary
judgment.

summary judgment.

Wal-Mart's argument that the open and obvious condition of the puddle precludes plaintiff's recovery, in part, because the plaintiff knew it was raining outside, and that "a jury could find that the puddle was easy enough to see such that it was an open and obvious condition that Wal-Mart did not have any duty to warn [plaintiff] against" is unpersuasive. Rather, as the jurisprudence holds, the degree to which the puddle might have been open and obvious, such that the puddle was not unreasonably dangerous, is an issue for the jury. Consequently, to the extent Wal-Mart might have sought summary dismissal of plaintiff's substantive claims under Section 9:2800.6 under the doctrine of open and obvious condition, such motion, whether couched under 12(b)(6) or as a motion for summary judgment, is DENIED as, again, this is a matter for the trier of fact, here the jury.

### 4.    Aggravation of pre-existing condition

Wal-Mart includes a final section in its motion, entitled "Aggravation of Preexisting Condition," again without clarifying to what end, procedurally. In this section, Wal-Mart notes the tension between the principle that a defendant is liable only for the aggravation of a plaintiff's pre-existing condition and the principle that the defendant takes his plaintiff as he finds her, and provides a brief discussion of applicable Louisiana law on this point. Wal-Mart then argues the following:

> . . .since [plainitff] had prior shoulder and back complaints, Wal-Mart would only be responsible for any temporary aggravation of pain. Wal-Mart is not responsible for any continued pain [plaintiff] had already experienced and is not responsible for any pain/problems after [plaintiff's] symptoms should have resolved.[5]

The plaintiff does not respond to this argument in her opposition brief. However, again, this argument is not one for either a motion under Fed. R. Civ. P. 12(b)(6) or a motion for summary judgment. Rather, it is one of applicable law better addressed by way of proposed jury instructions.

---

[5] *See* Plaintiff's response, Doc. 61, at p. 19 (internal citations omitted).

It will not be this Court who will determine plaintiff's damages as this Court will not be the trier of fact - the jury will be the trier of fact. The jury will determine the scope of the plaintiff's damages, after having been instructed as to the proper law on this issue and after having the benefit of the expert testimony, if offered.

Considering the foregoing, defendant's ambigious request for a determination regarding plaintiff's damages at this time is DENIED.

**III.     Conclusion**

Considering the foregoing, Wal-Mart's motion is GRANTED IN PART and DENIED IN PART, as follows:

IT IS ORDERED that Wal-Mart's motion to dismiss plaintiff's claims and/or causes of action alleged under Articles 2317.1 and 2322 of the Louisiana Civil Code is GRANTED, and the foregoing claims are DENIED AND DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Wal-Mart's motion to exclude "evidence which would tend to directly or indirectly assert claims under La. C.C. Arts. 2317.1 and 2322" is DEFERRED to trial. **However,** to the extent the plaintiff might attempt to put on evidence of prior roof leaks to prove a required element under the Louisiana merchant liability statute, **plaintiff must give notice outside the presence of the jury in order to allow an evidentiary hearing, if deemed appropriate by the Court**. At that hearing, in order for such evidence to be admitted, plaintiff will be required to establish the relevance of the proposed evidence **to the plaintiff's claims under the Louisiana merchant liability statute as defined by the statute**. If such evidence is not relevant to **an element of proof under the Louisiana merchant liability statute**, the proferred evidence likely will not be admitted into evidence or be allowed to be put before the jury.

IT IS FURTHER ORDERED that Wal-Mart's possible motion for summary judgment on plaintiff's substantive claims alleged under Section 9:2800.6, under the doctrine of "open and obvious" condition, is DENIED.

IT IS FURTHER ORDERED that Wal-Mart's ambiguous request for a ruling or determination regarding plaintiff's damages at this time is DENIED.

IT IS FURTHER ORDERED that within ten (10) days of receipt of this Memorandum Ruling, counsel shall jointly contact this Court for the purpose of scheduling a telephone status conference with the Court to re-set this matter for trial, schedule the pretrial conference, and establish deadlines for submission(s) of proposed jury instructions and exhibits to the Court.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___27___ day of July 2012.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE