RECEIVED
JAN - 9 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CHELSEA BROWN | CIVIL ACTION NO. 10-1402 |
| VERSUS | JUDGE DOHERTY |
| WAL-MART LOUISIANA LLC | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before the Court is a "Motion in Limine on Behalf of Wal-Mart Louisiana, LLC" [Doc. 80] filed by defendant Wal-Mart Louisiana, LLC. ("Wal-Mart"). In its motion, Wal-Mart argues the plaintiff's "proferred exhibits regarding roof leaks and repairs on other occasions and in different areas of the store, other than where the plaintiff fell, should be stricken and not allowed into evidence" on grounds the evidence is not relevant "to establish the elements of [the plaintiff's] cause of action pursuant to [the Louisiana Merchant Liability Statute] La. R.S. 9:2800.6 and [is] prejudicial." Plaintiff Chelsea Brown opposes the motion [Doc. 81]

The instant lawsuit arises out of a slip and fall in the northside Lafayette Wal-Mart on July 18, 2009. The parties do not dispute the plaintiff was a customer of the Wal-Mart store located at 1229 N.E. Evangeline Thruway, Lafayette, Louisiana on July 18, 2009, and the plaintiff slipped and fell in a puddle of rainwater which had dripped from a leak in the ceiling. The parties also do not appear to dispute the slip and fall occurred in the area of the store located in front of the store's liquor department.[1]

---

[1] In an earlier ruling, this Court noted it was unclear whether the parties disputed where, geographically, in the store, the plaintiff slipped. Plaintiff has argued she slipped in the "main aisle," which was located in the front of the store, while Wal-Mart argues plaintiff slipped in the aisle in front of the store's liquor department.

This Court has previously ruled the plaintiff's claims are governed by the Louisiana Merchant Liability Statute, La. Rev. Stat. §9:2800.6, citing cases that hold that *once a patron falls on a merchant's premises*, the governing law is Section 9:2800.6, not Articles 2317.1 and 2322 of the Louisiana Civil Code. Therefore, any and all claims alleged by the plaintiff against Wal-Mart under Articles 2317.1 and 2322 have been dismissed.[2]

In the instant motion, Wal-Mart seeks to exclude *any* evidence plaintiff may proffer at trial of other roof leaks at this Wal-Mart store, on other occasions, in different areas of the store and repaired on different dates, including leaks that occurred after the plaintiff's accident on July 18, 2009.[3] Although Wal-Mart appears to ague *any* evidence of *any* other roof leaks besides the leak that occurred on July 18, 2009, Wal-Mart, at times in its motion, appears to question only the relevance of roof leaks occurring *after* July 18, 2009. For her part, plaintiff argues "[t]he roof repair orders" – without specifying which roof repair orders – "are relevant and admissible to show the Defendant had knowledge of recurring store-wide problems of a leaky roof, causing water to collect on the floor throughout the store during the year of the Plaintiff's accident and that the Defendant was negligent in failing to exercise reasonable care in keeping the premises free of conditions presenting an unreasonable risk of harm to the public and warning the public of the hazardous condition."

---

[2] The plaintiff had attempted to distinguish her claims to allege two separate causes of action, as follows: (1) a claim under 2317.1 and 2322 against Wal-Mart as the <u>building owner/custodian</u> for failure to repair the roof leak, of which Wal-Mart had knowledge, and which was a proximate cause of the hazardous condition which caused plaintiff's injuries; and (2) a claim under La. Rev. Stat. §9:2800.6 against Wal-Mart as a <u>merchant</u> for failure to exercise reasonable care in keeping the premises free from conditions presenting an unreasonable risk of harm to the plaintiff and a failure to warn the plaintiff of a hazardous condition which resulted in her injuries. Citing governing Louisiana caselaw, the Court dismissed all claims alleged under Articles 23127.1 and 2322.

[3] Wal-Mart specifically cites the following work repair orders dated July 21, 2009, August 12, 2009, September 11, 2009, October 5, 2009, and November 27, 2009. It is unclear to this Court whether the foregoing work orders refer to work that was undertaken *before* the plaintiff's accident on July 18, 2009 and merely dated after the accident, or whether the work that was performed under these orders was actually performed after July 18, 2009.

The issue concerning the admissibility of prior and subsequent roof leaks and/or roof leak repairs at this Wal-Mart store was raised – albeit in a much more vague manner – by the parties in a previous motion, and the Court deferred the matter to trial at that time, noting the failure of the parties to adequately brief the issue. Although this Court continues to have grave doubt as to whether evidence of any roof leaks and/or roof leak repairs occurring *after* the plaintiff's accident on July 18, 2009 would be relevant to any elements the plaintiff must prove under the Louisiana Merchant Liability statute, and while the Court notes the non-specific argument made by the plaintiff in her opposition brief is not persuasive, this Court nonetheless concludes Wal-Mart's argument is not completely persuasive, either. Nor is it likely this Court can rule on this evidentiary issue at this time, because the Court does not know what evidence the plaintiff will put on at trial. Thus, unless and until this Court has a full opportunity to hear plaintiff's presentation of evidence at trial, this Court cannot determine whether the particular evidence sought to be excluded by Wal-Mart has *any* relevance to the plaintiff's claims as they are limited and exist under the Merchant Liability Statute. While the plaintiff has not convinced this Court the evidence *is* admissible, neither has Wal-Mart convinced this Court there is no way the evidence could *not* be admissible, all depending, of course, on the manner in which the plaintiff presents her case at trial.

Despite the Court's inability to rule on this evidentiary issue at this time, the Court agrees with Wal-Mart that the evidence argued by plaintiff is sufficiently prejudicial to Wal-Mart and sufficiently unlikely to be admissible, that this Court orders plaintiff is prohibited from presenting, or in any way eliciting, any such evidence until the Court has definitively ruled. Considering the foregoing,

IT IS ORDERED that the "Motion in Limine on Behalf of Wal-Mart Louisiana, LLC" [Doc.

80) is DENIED IN PART AND GRANTED IN PART. The question of admissibility of roof leaks and/or roof leak repairs undertaken at this Wal-Mart store, reflecting repairs to a leaky roof on dates other than the date of the plaintiffs' accident (July 18, 2009), or to any roof leaks that occurred on dates other than July 18, 2009, are DEFERRED TO TRIAL.

However, IT IS FURTHER ORDERED that plaintiff must first (outside the presence of the jury), obtain permission of the Court, before putting evidence of any leaks, other than the one the day in question, in evidence. In other words, prior to attempting to introduce evidence on the issue of roof leaks and/or roof leak repairs, other than the precise roof leak that caused the puddle in which the plaintiff slipped on July 18, 2009, either through witness testimony or documentary evidence, plaintiff's counsel must first approach the bench for a sidebar to determine whether the specific evidence sought to be proferred is admissible. **Failure to comply with this order could result in a mistrial and sanctions against plaintiff's counsel.**[4]

IT IS FURTHER ORDERED that within five (5) days of receipt of this Memorandum Ruling, counsel shall jointly contact this Court for the purpose of scheduling a telephone status conference with the Court to re-set this matter for trial, schedule the pretrial conference, and establish deadlines for submission(s) of proposed jury instructions and exhibits to the Court.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___9___ day of January, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff's counsel is also cautioned that he shall not mention similar roof leaks in his opening statement unless permission of the Court has been obtained.