UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHELSEA BROWN** | * | **CIVIL NO. 6:10-1402** |
| **VERSUS** | * | **MAGISTRATE JUDGE HILL** |
| **WAL-MART STORES, INC.** | * | **BY CONSENT OF THE PARTIES** |

<u>**MEMORANDUM RULING**</u>

Pending before the Court is a "Motion for Judgment Notwithstanding the Verdict" filed by plaintiff, Chelsea Brown ("Brown"), pursuant to Louisiana Code of Civil Procedure Article 1811. [rec. doc. 119]. The defendant, Wal-Mart Louisiana, LLC ("Wal-Mart") has filed Opposition [rec. doc. 125], to which Brown filed a Reply [rec. doc. 136], to which Wal-Mart filed a Supplemental Memorandum [rec. doc. 138]. By this Motion, Brown requests that this Court increase the amounts awarded by the jury for lost wages, past medical expenses and general damages, and that this Court award future medical expenses for which the jury made no award. For the reasons set forth below, the Motion for Judgment Notwithstanding the Verdict is **DENIED**.

<u>**BACKGROUND**</u>

This personal injury action arose as a result of an accident which occurred on July 18, 2009 at the Wal-Mart located in Lafayette, Louisiana, where Brown slipped and fell in a puddle of water caused by a roof leak. Brown claimed that she had suffered various injuries as a result of the fall, including injury to her right shoulder, for which she ultimately underwent

1

arthroscopy to remove a bone spur and repair a torn rotator cuff, and right neck facet injury, for which she ultimately underwent a rhizotomy.  Brown sought general damages, as well as damages for past and future medical expenses and lost wages.  Wal-Mart admitted that it was at fault in causing the July 18, 2009 slip and fall of Brown.  However, Wal-Mart contested the injuries Brown alleged were caused by the accident, as well as the medical treatment which Brown underwent for her alleged injuries.

The case went to trial on June 3, 2013.  After three days of evidence, the jury returned a verdict in favor of Brown as follows: Past Lost Wages $1,500.00; Past Medical Expenses $14,138.39; Future Medical Expenses $0.00; and General Damages $45,000.00.  In rendering this verdict, the jury obviously agreed with Wal-Mart and found that not all of the injuries claimed by Brown were caused by the accident at Wal-Mart and that, accordingly, the medical procedures which Brown had undergone for those non-causally related injuries were not compensable.

By this Motion, Brown seeks an Order of this Court awarding her damages as follows: Past Lost Wages $6,522.77; Past Medical Expenses $67,492.47; Future Medical Expenses $47, 400.00; and General Damages $315,000.00.

## LAW AND ANALYSIS

Brown does not cite any federal rule under which she moves for a Judgment Notwithstanding the Verdict ("JNOV").  Rather, Brown argues that this Court should grant her requested relief under Louisiana Code of Civil Procedure 1811.  Although this Court exercised

diversity jurisdiction over this lawsuit, and therefore under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) applied Louisiana substantive law, this Court may not apply Louisiana State procedural rules; federal courts sitting in diversity apply federal procedural rules. *West v. Drury*, 412 Fed. Appx. 663, 670 at fn. 4 (5th Cir. 2011) *citing Grenada Steel Indus., Inc. v. Ala. Oxygen Co.*, 695 F.2d 883, 885 (5th Cir. 1983) ("In diversity cases, we apply state substantive law, but federal procedural rules."); *Huss v. Gayden*, 571 F.3d 442, 449 (5th Cir. 2009) *citing Erie, supra*. ("In diversity cases, we apply federal procedural and evidentiary rules, and the substantive laws of the forum state. "); *Ashland Chem. v. Barco Inc.*, 123 F.3d 261, 265 (5th Cir. 1997) ( "Under the doctrine of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), in a diversity case a federal court must apply the substantive law of the state while following federal procedural rules."); *Hill v. E.W. Belcher Trucking Co.*, 2008 WL 924944, *4 and fn. 17 (W.D. La. 2008) (holding that La.C.Civ.P. art. 1811 does not apply in federal diversity cases).

Thus, this Court approaches Brown's Motion as having been filed pursuant to Fed.R.Civ.P. 50(b) which provides for the renewal of a Motion for Judgment as a Matter of Law after trial, and/or Fed.R.Civ.P. 59(e), which provides for a Motion to Alter or Amend a Judgment. However, under either of these Rules, this Motion must be denied.

A party may not obtain relief under Fed.R.Civ.P. 50(b), unless that party has first moved for judgment as a matter of law at the close of evidence under Fed.R.Civ.P. 50(a), before the case is submitted to the jury.  Furthermore, a Rule 50(b) post-trial motion may only seek relief

for issues raised in the Rule 50(a) pre-verdict motion. Thus, if a party did not timely move for judgment under Rule 50(a) prior to submission of the case to the jury, the district court cannot grant a Rule 50(b) motion. *Hill,* 2008 WL 924944, at * 4 *citing Nichols v. Ashland Hosp. Corp.*, 251 F.3d 496, 502 n. 1 (4th Cir. 2001) (noting that "a Rule 50(b) motion may only be made as a renewal of a motion previously made on the same grounds under Rule 50(a)"); *Hooker v. Diamond Offshore Drilling, Inc.,* 1998 WL 57059, *1 (E.D. La. 1998). Accordingly, because Brown did not move under Fed.R.Civ.P. 50(a) at the close of evidence prior to submission of the case to the jury, Brown cannot now bring a motion pursuant to Fed.R.Civ.P. 50(b). *See Id.*

  This Court also considers Brown's Motion under Fed. R. Civ. P. 59(e). District courts may exercise substantial discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e). *See Lapapa v. National Railroad Passenger Corp.,* 2005 WL 3533858, * 1 (E.D. La. 2005) *citing Weber v. Roadway Express, Inc.*, 199 F.3d 270, 276 (5th Cir. 2000) and *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.* 6 F.3d 350, 355 (5th Cir. 1993). To prevail on a Rule 59(e) motion, the moving party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States* , 891 F.2d 1154, 1159 (5th Cir. 1990).

  In considering a Rule 59(e) motion, Courts must attempt to strike the proper balance between two competing imperatives: (1) finality and (2) the need to render a just decision. *Bohlin*, 6 F.3d at 355. In general, "reconsideration of a judgment after its entry is an

extraordinary remedy which should be used sparingly . . ." since "courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions." *Nat'l R.R. Passenger Corp. v. Transwood,* 2002 WL 27761, at *1 (E.D. La. 2002) *quoting Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied* 525 U.S. 1104 (1999) *quoting* 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1, at 124 (2d ed.1995) and *Sussman v. Salem, Saxon & Nielsen*, 153 F.R.D. 689, 694 (M.D. Fla.1994). Accordingly, the standards which apply to Rule 59(e) Motions favor denial of the Motion. *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

 In her Motion, Brown contends that the jury manifestly erred in determining the appropriate amount of damages due to her. In support of her argument, plaintiff cites her testimony and that of her second orthopedist, Dr. Wyatt. While Brown recognizes that defense expert, Dr. Foster, disagreed with Dr. Wyatt, she nevertheless contends that the jury should not have accepted Foster's testimony. Plaintiff does not address the testimony of Dr. Johnson, Brown's first orthopedist (with whom she treated for a year), who essentially agreed with Dr. Foster that plaintiff's shoulder and rhizotomy procedures were not necessitated as a result of the Wal-Mart accident, given that Dr. Johnson was ready to discharge Brown in July, 2010, approximately one year after her accident at Wal-Mart.

 The Court finds that Brown's arguments lack merit. The jury has broad discretion in determining and awarding damages in personal injury actions. *Book v. Nordrill, Inc.*, 826 F.2d

5

1457, 1462 (5th Cir. 1987). Moreover, the jury is entitled to determine the credibility of witnesses. *Lapapa,* 2005 WL 3533858 at *4 *citing Oyefodun v. The City of New Orleans*, 2001 WL 775574, at *2 (E.D. La. 2001), *aff'd,* 54 F. App'x 793 (5th Cir. 2002).

In the instant case, there was conflicting testimony as to the cause and extent of plaintiff's injuries. The plaintiff presented evidence that her injuries, medical treatment and claimed future medical treatment were caused by, or resulted from, the accident at Wal-Mart. This evidence included the testimony of Brown and Dr. Wyatt.

The evidence presented by plaintiff as to the cause and extent of her injuries and as to the necessity of her medical treatment and claimed future medical treatment was controverted by the defendant. Wal-Mart presented evidence at trial which indicated that some of plaintiff's alleged injuries, particularly those in her right shoulder, were caused by a condition (a bone spur) which pre-existed the accident. The defense further presented evidence indicating that the medical procedures which Brown underwent were not reasonably necessary or necessitated by the accident. This evidence included the testimony of Dr. Foster and Dr. Johnston. Moreover, the defense presented ample evidence demonstrating that Brown exaggerated the existence and extent of her injuries caused by the accident, including photographs of Brown "planking" in June 2011, which is inconsistent with her claims of extensive injury.

Given the testimony and evidence presented by Wal-Mart, the record contains a legally sufficient evidentiary basis on which the jury could reasonably conclude that some of the physical injuries complained of by Brown were not proximately caused by the slip and fall

6

accident at Wal-Mart and that plaintiff is thus not entitled to damages with respect to these injuries.

Furthermore, the evidence was sufficient for the jury to have reasonably concluded that Brown should not recover for past medical procedures or proposed future medical procedures relating to injuries which it found were not proximately caused by the slip and fall at Wal-Mart. Finally, the evidence was sufficient for the jury to have reasonably concluded that Brown exaggerated the nature and extent of her injuries, thereby limiting her to damages to those incurred within one year of the accident, when her first orthopedist, Dr. Johnston, was ready to release her. Indeed, the jury awarded Brown exactly that amount in past medical expenses, $14,138.39, which sum represents those bills incurred from the date of the accident thru her July 16, 2010 release by Johnston.

Likewise, plaintiff's past lost wage claim was disputed at trial. The plaintiff sought recovery for missed work days, many of which the defense demonstrated were not likely related to the accident, thereby impeaching Ms. Brown's credibility as a witness. Those days included vacation days and time spent in doctor appointments for medical issues unrelated to the Wal-Mart accident. Indeed, after presentation of this evidence, the plaintiff revised her claim for past lost wage claim to exclude recovery for those days. Moreover, in light of the above discussion of Brown's injuries, the evidence was legally sufficient for the jury to have reasonably concluded that Brown was not entitled to damages for any time lost from work which exceeded the initial one year period post-accident. As was the case with Brown's past

medical expenses, the jury consistently awarded Brown only the amount of past lost wages incurred from the date of the accident thru her July 16, 2010 release.

In sum, it was within the jury's considerable discretion to award plaintiff an amount of damages solely for those injuries and medical treatments which the jury reasonably found were causally related to the accident at Wal-Mart, and for the time Brown lost from work solely as a result of those injuries. The amount awarded by the jury is not palpably or grossly inadequate and is not without an evidentiary basis. Further, nothing in the record suggests that the jury was influenced by passion or prejudice. Therefore, the Court cannot conclude that the jury reached an erroneous result or that the verdict constitutes a miscarriage of justice. Accordingly, the Court declines to upset the jury's award.

Furthermore, plaintiff's request for alteration or amendment of the judgment under Rule 59(e) may not be granted because it is essentially a request for additur. Brown essentially seeks an increase in the damages portion of the verdict. However, it is well-established that awarding an additur in federal court when damages are disputed violates the Seventh Amendment and is thus unconstitutional. *Dimick v. Schiedt*, 293 U.S. 474, 486-88 (1935); *Hawkes v. Ayers*, 537 F.2d 836, 837 (5th Cir. 1976); *Hill,* 2008 WL 924944, at * 4; *Lapapa*, 2005 WL 3533858, at *2 (and cases cited therein); *Hooker*, 1998 WL 57059, at *1.

In light of the above, it is clear that every element of damages sought by the plaintiff were disputed by the defendant in this case. Thus, the Seventh Amendment prohibits this Court from granting plaintiff an additur.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's the Motion for Judgment Notwithstanding the Verdict [rec. doc. 119] is **DENIED**.

Signed July 26, 2013, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE