UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHELSEA BROWN** | * | **CIVIL NO. 6:10-1402** |
| **VERSUS** | * | **MAGISTRATE JUDGE HILL** |
| **WAL-MART STORES, INC.** | * | **BY CONSENT OF THE PARTIES** |

MEMORANDUM RULING

Pending before the Court is the Motion to Assess Expert Fees and Deposition Fees as Costs of Court [rec. doc. 128] filed by plaintiff, Chelsea Brown ("Brown"). The defendant, Wal-Mart Louisiana, LLC. ("Wal-Mart") has filed Opposition. [rec. doc. 133]. By this Motion, Brown requests that this Court assess, as costs of court against Wal-Mart, the expert trial witness fee of Dr. David Wyatt in the amount of $6,350.00 and the cost of the discovery deposition of Molly Downing in the amount 0f $487.50.

For the reasons set forth in this Court's Ruling granting Wal-Mart's Motion to Recover Costs pursuant to Federal Rule 68 and Opposition to Plaintiff Recovering any Costs Incurred after Offer of Judgment, Brown's request for reimbursement of the expert trial witness fee of Dr. David Wyatt in the amount of $6,350.00 is denied. This expense was incurred on June 4, 2013 when Dr. Wyatt testified at the trial of this case. Accordingly, because this expense was incurred after Wal-Mart's November 1, 2011 Offer of Judgment, Brown is barred from recovering any amount for Dr. Wyatt's trial appearance.[1]

---

[1] Further, non-court appointed expert witness fees, which exceed of the standard $40.00 per day witness fee limit, are not recoverable under 28 U.S.C. § 1920 or 28 U.S.C. § 1821. *See Chevalier v.*

The record reveals that the deposition of Molly Downing was taken before Wal-Mart's first Offer of Judgment, prior to January 25, 2011, the date of the court reporter's invoice. Accordingly, Brown is not precluded under Rule 68 from recovering this pre-offer of judgment expense.  See *Christopher Weiser v. Horace Mann Insurance, Co.*, 2009 WL 5194972, * 3-4 (E.D. La. 2009) (limiting a plaintiff's recovery of costs to those incurred before the defendant's Rule 68 Offer of Judgment); *Pontchartrain Gardens, Inc. v. State Farm General Insurance Co.*, 2009 WL 1688458, * 2 (E.D. La. 2009) (awarding a plaintiff who refused a Rule 68 Offer of Judgment only a portion of its pre-offer costs).  Wal-Mart argues, however, that Brown is not entitled to reimbursement of this expense because the deposition of Molly Brown was not used at trial, nor did Molly Brown testify at trial.

"Rule 54(d) gives the district court the necessary discretion to tax costs against the party who should equitably bear them."  *Johnson v. Penrod Drilling, Co.*, 803 F.2d 867, 870-871 (5th Cir. 1986) *citing* Rule 54(d), F.R.C.P.[2]  Recoverable costs are those listed in 28 U.S.C. § 1920. *Taniguchi v. Kan Pacific Saipan, Ltd.*, - - U.S. - -, 132 S.Ct. 1997, 2001, 182 L.Ed.2d 903 (2012) *citing Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).  Under 28 U.S.C. § 1920(2) fees of a court reporter for the stenographic transcript of a deposition "necessarily obtained for use in the case" are compensable as costs.

---

*Reliance Insurance Co. of Illinois,* 953 F.2d 877, 385-386 (5th Cir. 1992) *citing Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); *Coats v. Penrod Drilling Corp*., 5 F.3d 877, 891 (5th Cir. 1993).

[2] Rule 54(d) provides in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."

Molly Downing, the former Wal-Mart store manager, was listed by Wal-Mart as a will call witness who was to testify at trial about the roof leaks at the store. [*See* rec. doc. 87]. It was not until shortly before the June 3, 2013 trial that Wal-Mart stipulated liability, thereby rendering Ms. Downing's trial testimony unnecessary. [*See* rec. doc. 105, in which Wal-Mart revised its former Joint Special Interrogatories to the Jury to reflect it's liability stipulation].

Furthermore, Ms. Downing's deposition was taken by plaintiff after this Court granted the parties leave to conduct discovery directed at the then pending Motion to Remand and Motion to Amend, in which plaintiff sought to add Molly Brown as an additional defendant in the action and thereby defeat diversity jurisdiction. [*See* rec. docs. 7, 12, 19, 20, 28, 31 and 32]. Under these circumstances, it is clear that Molly Brown's deposition was "necessarily obtained for use in the case." Accordingly, plaintiff will be awarded as costs, $487.50, the cost of the discovery deposition of Molly Downing.

For the reasons set forth above;

The plaintiff's Motion to Assess Expert Fees and Deposition Fees as Costs of Court [rec. doc. 128] is **granted in part** and **denied in part** as follows. Plaintiff's request that this Court tax, as costs, the expert trial witness fee of Dr. David Wyatt in the amount of $6,350.00 is **denied.** The plaintiff's request that this Court tax, as costs, $487.50 for the discovery deposition of Molly Downing is **granted.**

Signed July 26, 2013, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

3