UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHELSEA BROWN** | * | **CIVIL NO. 6:10-1402** |
| **VERSUS** | * | **MAGISTRATE JUDGE HILL** |
| **WAL-MART STORES, INC.** | * | **BY CONSENT OF THE PARTIES** |

## MEMORANDUM RULING

Pending before the Court is the defendant's Motion to Recover Costs pursuant to Federal Rule 68 and Opposition to Plaintiff Recovering any Costs Incurred after Offer of Judgment filed by Wal-Mart Louisiana, LLC. ("Wal-Mart"). [rec. doc. 123]. Plaintiff, Chelsea Brown ("Brown"), has not filed Opposition.

## BACKGROUND

Brown filed the instant personal injury action in Louisiana state court on July 16, 2010; the action was removed by Wal-Mart to this Court on September 9, 2010. [rec. doc. 1]. Pursuant to Rule 68 of the Federal Rules of Civil Procedure, on November 1, 2011, Wal-Mart made an Offer of Judgment to Brown in the amount of $150,000.00, which included Brown's costs then accrued. Subsequent Rule 68 Offers of Judgment were made by Wal-Mart on June 14, 2012, March 6, 2013 and April 29, 2013 in the amounts of $175,000.00, $200,000.00 and $225,000.00, respectively, each including costs then accrued. Each Offer was rejected by Brown.

The case went to trial on June 3, 2013. After three days of evidence, the jury returned a verdict in favor of Brown as follows: Past Lost Wages $1,500.00; Past Medical Expenses $14,138.39; Future Medical Expenses $0.00; and General Damages $45,000.00, for a total amount of $60,638.39. Judgment was entered on June 12, 2013. [rec. doc. 122]. By separate Ruling, Brown's "Motion for Judgment Notwithstanding the Verdict" has been denied.

By this Motion, Wal-Mart seeks an Order requiring Brown to reimburse costs Wal-Mart incurred after the November 1, 2011 Offer of Judgment, and an Order barring Brown from recovering any of her costs incurred after the November 1, 2011 Offer of Judgment.

## LAW AND ANALYSIS

Rule 68(d) sets forth the consequences of an unaccepted Offer of Judgment, if a Judgment is returned in a lesser amount: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Rule 68(d), F.R.C.P.

Thus, under Rule 68, when a plaintiff does not accept a defendant's Offer of Judgment which is more favorable than the Judgment the plaintiff ultimately obtains, the plaintiff must pay the defendant's costs which were incurred after the Offer of Judgment was made. *Johnson v. Penrod Drilling Co.,* 803 F.2d 867, 869 (5th Cir. 1986) *citing Delta Airlines v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). Further, the "[p]laintiff . . . cannot recover otherwise awardable costs incurred after the date of the offer . . . ." *Christopher Weiser v. Horace Mann Insurance, Co.*, 2009 WL 5194972, * 1 (E.D. La. 2009) *citing* 12 Charles Alan

Wright *et al.*, Federal Practice and Procedure § 3006 at 120–21 (1997); *Herrington v. County of Sonoma,* 12 F.3d 901, 906-907 (9th Cir. 1993); *see also Paez v. Gelboym*, 2013 WL 1950057, * 1 (E.D. Tex. 2013) (holding the plaintiff not entitled to any costs after the defendant's Offer of Judgment).  The language of Rule 68 is mandatory; where the rule applies, it leaves no room for district court discretion. *Johnson,* 803 F.2d at 869 *citing Delta Airlines*, 101 S.Ct. at 1151-1152 and *Liberty Mutual Insurance Co. v. E.E.O.C.*, 691 F.2d 438, 442 (9th Cir. 1983); *Kinney v. Aker Kvaerner, Inc.,* 397 Fed. Appx. 46 (5th Cir. 2010); *Fair v. Allen*, 2011 WL 2412965, * 2 (W.D. La. 2011).

The plain purpose of Rule 68 is to encourage settlement and avoid litigation.  *Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).  The Rule prompts both parties in a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Id.*   Thus, the Fifth Circuit has cautioned that because of the "severe consequences" of the Rule, plaintiffs must "think very hard about whether continued litigation is worthwhile." *Ramming v. Natural Gas Pipeline Co. of Am.*, 390 F.3d 366, 370 n. 2 (5th Cir. 2004) *quoting Marek*, 473 U.S. at 6.

The costs recoverable under Rule 68 are determined in the same way costs are customarily determined; the Rule does not provide an independent warrant for recovery of other costs. 12 Charles Alan Wright *et al.*, Federal Practice and Procedure § 3006 at 120–21 (1997). Thus, recoverable costs under Rule 68 are those authorized under 28 U.S.C. § 1920 and

28 U.S.C. § 1821.[1]  *Parkes v. Hall*, 906 F.2d 658, 659-660 (11th Cir. 1990) *citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987) and *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (holding that under Rule 68, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920); *see also Paez*, 2013 WL 1950057, at * 1-2 (holding that under Rule 68 "[c]ourts may only award costs that are specifically articulated in 28 U.S.C. § 1920."); *Thomas v. Caudill,* 150 F.R.D. 147, 149 (N.D. Ind. 1993).

In this case, Wal-Mart made it's first Offer of Judgment in the amount of $150,000.00, plus costs then accrued, on November 1, 2011.  The Judgment obtained by Brown does not exceed Wal-Mart's November 1, 2011 Offer.  Accordingly, Brown is required to pay compensable costs incurred by Wal-Mart after November 1, 2011.  Moreover, Brown is not entitled to reimbursement for any of her costs incurred after November 1, 2011.

## CONCLUSION

For the foregoing reasons, Wal-Mart's Motion to Recover Costs pursuant to Federal Rule 68 and Opposition to Plaintiff Recovering any Costs Incurred after Offer of Judgment [rec. doc. 123] is **GRANTED**.  Accordingly, Brown shall reimburse Wal-Mart for all compensable costs incurred by Wal-Mart after the November 1, 2011 Offer of Judgment, and

---

[1] In a diversity case such as this, the applicable state law may provide for other items to be taxed as costs. *Parkes*, 906 F.2d at 660 and fn. 5 *citing Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. at 259 n. 31, 95 S.Ct. at 1622 n. 31.  In this case, Wal-Mart has pointed to no relevant Louisiana state law which would expand the scope of costs enumerated under § 1920 and § 1821.

Brown is barred from recovering any of her costs incurred after the November 1, 2011 Offer of Judgment.

The **Clerk of Court** is directed to review the Costs submitted by Wal-Mart in Exhibit "A" to the Motion to determine the amount of compensable costs due to Wal-Mart from Brown under 28 U.S.C. § 1920 and 28 U.S.C. § 1821.

Signed July 26, 2013, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: P. Mitchell
On: 7/26/2013
By: MBD